Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN APC**
2103 Montrose Ave., Suite D
Montrose, Ca. 91020
[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: ANDREW KANG

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW KANG, an Individual; | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:** |
| vs. | 1. FAIR CREDIT REPORTING ACT; |
| UPGRADE, INC., a corporation; EXPERIAN INFORMATION SOLUTIONS INC., a corporation; EQUIFAX INFORMATION SERVICES, LLC., a Limited Liability Company; MONTEBELLO AUTO GROUP LLC. dba CHEVROLET OF MONTEBELLO, a Limited Liability Company and DOES 1-25, Inclusive, | 2. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; |
| | 3. CALIFORNIA IDENTITY THEFT LAW; |
| | 4. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT. |
| Defendants. | **JURY TRIAL DEMANDED.** |

**Plaintiff alleges:**

1

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

1.     Plaintiff ANDREW KANG ("plaintiff" or "KANG") is a resident of the County of Los Angeles, State of California.

2.     Defendant UPGRADE, INC., ("UPGRADE") is a CORPORATION, doing business in the State of California, County of Los Angeles as a neobank that offers a variety of financial products and services. Defendant EXPERIAN INFORMATION SOLUTIONS INC., ("EXPERIAN") and EQUIFAX INFORMATION SERVICES, LLC., (EQUIFAX) are business entities doing business as credit reporting agencies.

3.     Defendant MONTEBELLO AUTO GROUP LLC. dba CHEVROLET OF MONTEBELLO ("DEALER") is a auto dealership engaged in the business of selling vehicles in Los Angeles County

4.     Defendants DOES 1-25 are individuals and business entities, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-25, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff had notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

5.     Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 25, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and, on that basis, alleges that Defendants Does 1 through 25, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or

2

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a.      Said Officers, directors or managing agents of Defendants personally acted with oppression, fraud or malice with respect to the matters alleged in this complaint;

b.      Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c.      Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d.      Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e.      Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein.

f.      Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

3

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

6.     Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

**Factual Allegations:**

7.     On or about April 22, 2024: A vehicle loan in the amount of $39,769 was fraudulently opened in the plaintiff's name with Upgrade, Inc. for the purchase of a vehicle from Chevrolet of Montebello.

8.     On or about April 24, 2024: The plaintiff received credit alerts from their credit monitoring service indicating unauthorized credit inquiries from GM Financial, Chevrolet of Montebello, and other entities. In response, the plaintiff placed a credit freeze on their accounts.

9.     On or about Early May 2024: The plaintiff received a phone call from Upgrade, Inc. requesting confirmation of the vehicle loan. The plaintiff, having no knowledge of the loan or any recent vehicle purchase, refused to provide personal information, suspecting fraudulent activity.

10.     On or about June 21, 2024: The plaintiff received a past-due monthly payment notice from Upgrade, Inc. regarding the fraudulent vehicle loan. Upon reviewing their credit report, the plaintiff discovered the existence of the $39,769 loan with Upgrade, Inc.

4

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

11.     On or about June 25, 2024: The plaintiff contacted Upgrade, Inc. to dispute the loan as fraudulent. Upgrade, Inc. advised the plaintiff to file a police report regarding the matter.

12.     On or about July 2, 2024: The plaintiff filed an Identity Theft Report with the Federal Trade Commission.

13.     On or about July 8, 2024: The plaintiff attempted to file a police report with the Los Angeles Police Department, but the initial submission was rejected by the online system due to the loan amount exceeding the permissible threshold for online reporting. The plaintiff subsequently filed a second police report in person, with the Montebello Police Department obtaining a new incident number.

14.     On or about July 8, 2024: The plaintiff followed up with Upgrade, Inc., which confirmed that the fraud claim had been submitted and that an internal investigation was underway.

15.     On or about July 17, 2024: The plaintiff disputed the fraudulent loan with both Experian and Equifax. Both credit reporting agencies verified the account as valid, with Upgrade, Inc. confirming the loan as belonging to the plaintiff.

16.     On or about August 6, 2024: The plaintiff contacted Upgrade, Inc. to inquire about the status of the internal investigation.

17.     On or about August 15, 2024: The plaintiff followed up again with Upgrade, Inc. for an update on the investigation.

18.     On or about August 28, 2024: Upgrade, Inc. informed the plaintiff that their fraud claim had been rejected due to insufficient supporting evidence. Upgrade, Inc. advised the plaintiff to provide additional documentation to support the fraud claim if they wished to reopen the investigation.

5

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

19.     Despite these efforts, the plaintiff's disputes with Upgrade, Inc. and the credit agencies were denied, and the fraudulent loan remains unresolved.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AGAINST ALL DEFENDANTS]

6.  Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7.  Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act.  Defendant, UPGRADE is "furnisher" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, and, EQUIFAX and EXPERIAN are defendants who are "consumer reporting agenc[ies]" as that term is defined in 15 U.S.C. Section 1681a (f).

14.  Defendants UPGRADE, EQUIFAX, and EXPERIAN have refused, despite Plaintiff's multiple phone calls, online submissions, letters to acknowledge that he was not responsible for the UPGRADE account.

15.  Plaintiff corresponded with UPGRADE, EQUIFAX and EXPERIAN asking that they reinvestigate his account, cease any negative credit reporting and remove the account from collection activity.  Plaintiff's correspondence to the defendants included his police report and an identity theft affidavit he filed with the Federal Trade Commission.

16.  Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks and account removed from his credit reports.  Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

17.  Within the past several months, Defendants, and each of them, willfully

6

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

f. As to EXPERIAN and EQUIFAX: by willfully and negligently failing to block identity theft information as required by 15 U.S.C. Section 1681c-2, and by failing to notify UPGRADE of the block of identity theft information.

18. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

19. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers, so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

## SECOND CAUSE OF ACTION

## [VIOLATION OF THE CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT AGAINST UPGRADE AND DOES 1-25, INCLUSIVE]

20. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

21. Under Cal. Civ. Code Section 1788.2, "debt collector" includes "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Under this definition, UPGRADE, and DOES 1-25, Inclusive, all qualify as a "debt collector".

22. Under Cal. Civ. Code Section 1788.17, the requirements and prohibitions of the federal Fair Debt Collection Practices Act are incorporated into the California Fair Debt Collection Practices Act. UPGRADE and DOES 1-25, Inclusive, all engaged in conduct proscribed by 15 U.S.C. Section 1692e (8), namely, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Each of these defendants violated 1692e (8) by communicating to the next entity in line credit information which was known to be false or which would have been discovered to have been

8

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

false upon the slightest diligence. None of the defendants communicated anything to any person to suggest that plaintiff was disputing the debt or that the debt was invalid. UPGRADE and DOES 1-25, Inclusive, also violated provisions of both federal and California FDCPA by attempting to collect on a debt with no legal or contractual basis for doing so and by failing or refusing to validate the debt in spite of repeated requests to do so.  Finally, UPGRADE and DOES 1-25, Inclusive, violated California's Rosenthal FDCPA by continuing collection activities on an identity theft "debt" despite plaintiff repeatedly notifying these defendants, both in writing and verbally, of the identity theft situation.  Plaintiff also provided UPGRADE and DOES 1-25, Inclusive, with a police report of the identity theft. Plaintiff reserves the right to allege other violations of the FDCPA/Rosenthal as the facts of the case unfold.

23.  As a result of these violations of the California Fair Debt Collection Practices Act by UPGRADE and DOES 1-25, Inclusive, plaintiff has suffered general and special damages according to proof and is entitled to a statutory penalty for each separate violation of California's Act, as well as punitive damages against these defendants for conduct amounting to oppression and malice under California law. In addition, the plaintiff is entitled to attorney's fees, costs and expenses.

## THIRD CAUSE OF ACTION
### [VIOLATION OF CALIFORNIA IDENTITY THEFT LAW, CIV. CODE SECTION 1798.92 et seq., AGAINST UPGRADE AND DOES 1-25, INCLUSIVE]

24.  Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

25.  In continuing credit reporting and debt collection activities against plaintiff after he had reported to them the identity theft situation and after

9

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

providing them with a police report, UPGRADE and DOES 1-25, Inclusive, willfully violated the California Identity Theft Law, Civ. Code Section 1798.92 <u>et seq.</u>

26.  Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the California Identity Theft Law.  In addition, plaintiff alleges that defendant UPGRADE, and DOES 1-25, Inclusive, specifically violated Civ. Code Section 1798.93 (c) (6), thereby entitling him to a $30,000.00 penalty, in addition to any other damages which may be assessed.

## FOURTH CAUSE OF ACTION

## [VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST UPGRADE AND DOES 1-25, INCLUSIVE]

27. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

28. The continued reporting by UPGRADE and DOES 1-25, Inclusive, after receiving ample notice of the falsity of the alleged debt, violates Cal. Civ. Code Section 1785.25.

29. Plaintiff alleges that UPGRADE and DOES 1-25, Inclusive, lack reasonable procedures to prevent this violation and similar violations.

30. Plaintiff has suffered both general and special damages according to proof.  In addition, plaintiff contends that UPGRADE and does 1-25, INCLUSIVE, willfully violated the California Consumer Credit Reporting Agencies Act by continuously furnishing credit information, which was known, or which should have been known, to have been inaccurate and incomplete.  In addition to general and special damages according to proof, plaintiff seeks the maximum prescribed

10

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

statutory penalty against UPGRADE and DOES 1-25, Inclusive, for each and every separate violation of the California Consumer Credit Reporting Agencies Act.  Plaintiff also seeks his attorneys fees and costs from UPGRADE and DOES 1-25, Inclusive.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages for willful violations against defendants according to proof at trial;
4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For injunctive relief, including but not limited to a permanent injunction against the defendants forbidding them from ever again reporting this credit item;
7. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: September 9, 2024,     **LAW OFFICES OF ROBERT F. BRENNAN APC**

By: /s/Robert F. Brennan
Robert F. Brennan
Attorney for Plaintiff
Andrew Kang

11

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**